RAFAEL SAN MILLÁN, Petitioner and Appellee, v. PENSION BOARD OF PERMANENT OFFICIALS AND EMPLOYEES OF PUERTO RICO, Respondent and Appellant.

No. 6089. Argued March 14, 1933.—Decided June 14, 1933.

*Arturo Ortiz Toro, Acting Attorney General,* and *E. Aldrey, Deputy Attorney General,* for appellant. *R. Rivera Zayas* and *H. Gonzalez Blanes* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The only question in this case is whether a municipal secretary is an employee of the Government of Puerto Rico within the meaning of section 20 of the Pension Act (Session Laws 1925, p. 948). That section says that: "Every pensioner shall cease to receive his pension on qualifying for any office in the Government of Puerto Rico, with salary or compensation." The district court held that a pensioner does not forfeit his right to a pension by accepting a position as municipal secretary.

It must be conceded, of course, that a municipal corporation in Puerto Rico is a part of the governmental machinery of the Island. It does not follow that all municipal employees are employees of the Insular Government. It may be conceded also that certain officials or employees should be regarded as insular officials or employees although paid by the municipalities. See *Pagán* v. *Pension Board, etc.,* 37 P.R.R. 114. Appellee concedes, for example, that under existing laws a local health inspector or a school teacher paid by the municipality but under the supervision and control of the Department of Health or of the Department of Education is not a municipal employee. Nice questions may arise in border cases, but this is not a border case.

A somewhat stronger argument for appellant may be found in the phraseology of section 1 of the Pension Law, which provides that: "This Act shall cover all officials and employees of the classified and unclassified civil service of the Insular Government of Puerto Rico with the exception of the Judges of the Supreme Court, professors of the University of Puerto Rico, public-school teachers, members of the Insular Police and municipal employees." The fact that the Legislature was here dealing with municipal employees as "employees of the classified and unclassified civil service of the Insular Government of Puerto Rico" loses significance when considered in the light of the reasons which the Legis-

lature may have had for making an exception in the case of municipal employees. The opening sentence of that section, following substantially the language of the title, provides for "The retirement of the permanent officials and employees of the Insular Government of Puerto Rico." If "municipal employees" were eliminated because they were not, properly speaking, "permanent officials and employees of the Insular Government" within the meaning of the title and of section 1 of the act (and no other reason has been suggested by appellant) then there is but little left in section 1 to strengthen the theory that the Legislature intended in section 20 to include municipal offices in the phrase "any office in the Government of Puerto Rico." The same may be said of section 2 which provides that no credit shall be allowed "for services in the municipal branch of the Government." On the contrary, the inference from these two sections taken together and each as a whole is, we think, that the Legislature in section 20 used the term "Government of Puerto Rico" in its usual and ordinary sense as defined by section 2 of the Political Code of Puerto Rico, which provides that:

"The executive, legislative and judicial departments as established by the Organic Act of Puerto Rico, shall constitute the Government of Puerto Rico."

The judgment appealed from must be affirmed.

Mr. Justice Aldrey took no part in the decision of this case.